JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGRARIO JOSEFINA SERNA,<br><br>              Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR INC., and DOES 1 to 50, inclusive,<br><br>              Defendants. | Case No.: 5:23-cv-01191 DOC (BFMx)<br>*[Riverside County Superior Court Case No. CVRI 2204341]*<br><br>[Assigned to Hon. David O. Carter, District Judge; Hon. Brianna Fuller Mircheff, Magistrate Judge]<br><br>**ORDER ON PARTIES' STIPULATION TO CAP PLAINTIFF'S JUDGMENT, AWARD, OR RECOVERY AND TO REMAND [10]**<br><br>Complaint Filed: October 4, 2022 |

The Court, having read and considered the Parties' Stipulation to Cap Plaintiff's Judgment, Award, or Recovery and to Remand, hereby ORDERS as follows:

## I. BACKGROUND

On or about October 4, 2022, Plaintiff SAGRARIO JOSEFINA SERNA (hereinafter "Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of Riverside by filing a Complaint therein entitled *Sagrario Josefina Serna v. Family Dollar, Inc., et al.,* Case No. CVRI 202204341. Plaintiff's

///

Complaint for personal injury arises from an alleged incident on October 9, 2020, at defendant Family Dollar's ("Defendant" or "Family Dollar") store in Riverside, California.

On or about May 23, 2023, Plaintiff, by and through her counsel of record, served a Statement of Damages, setting forth damages in excess of $75,000.00. Based on this, Family Dollar determined that the amount in controversy exceeded the $75,000.00 statutory minimum. Accordingly, Family Dollar removed the matter to federal court pursuant to 28 U.S.C. §§1332, 1441, and 1367, on June 21, 2023.

The parties have now agreed and stipulated to limit any and all recovery of damages by Plaintiff to a maximum of $74,999.99, exclusive of interest or costs, as evidenced by the Stipulation to Cap Plaintiff's Judgment, Award, or Recovery and To Remand, executed by Plaintiff and Defendant by and through their attorneys of record and by Plaintiff individually.  Accordingly, the parties request an order from this Court remanding the case to the Riverside County Superior Court, Case No. CVRI 2204341.

## II. ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." (Emphasis added).  In light of the parties' stipulation limiting any and all recovery by Plaintiff to a maximum of $74,999.99, exclusive of interest or costs, this Court lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c).  *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

## III.  ORDER OF THE COURT

1. Plaintiff's total recovery, if any, from Defendant Family Dollar, and/or its agents, employees, parents, subsidiaries, or affiliated and related business entities,

///

for any injuries, damages, harms, or losses resulting from the alleged incident that occurred on Defendant's premises on or about October 9, 2020, and which are the subject of the within action (including formerly Riverside County Superior Court Case No.: CVRI 2204341) (the "Litigation), including but not limited to economic and non-economic damages, is hereby capped at $74,999.99, exclusive of interest and costs.

2.   If any judgment or award, entered in Plaintiff's favor and against Defendant Family Dollar, and/or its agents, employees, parents, subsidiaries, or affiliated and related business entities, in the Litigation should exceed $74,999.99, exclusive of interest and costs, Plaintiff has knowingly and voluntarily waived the right to claim that portion of her final judgment or award which exceeds $74,999.99, exclusive of interest and costs.

3.   Should any judgment or award, exclusive of interest and costs, be entered in her favor and against Defendant Family Dollar, and/or its agents, employees, parents, subsidiaries, or affiliated and related business entities, in the Litigation in excess of $74,999.99, Plaintiff shall execute any necessary documents to reduce any such award or judgment to $74,999.99, and is barred from executing on any amount of the award or judgment in excess of $74,999.99, exclusive of interests and costs.

4.   Pursuant to the parties' Stipulation, because this matter no longer exceeds $75,000.00, this Court no longer has subject matter jurisdiction and the matter is hereby REMANDED to the Superior Court for the State of California, County of Riverside, Case No.: CVRI 2204341.  All other terms of this Order shall be given full force and effect in any further state court proceeding.

5.   All pending dates in the Federal action are hereby vacated.

**IT IS SO ORDERED.**

Dated:  June 27, 2023

_____
Hon. David O. Carter
United States District Court Judge

- 3 -
**ORDER ON PARTIES' STIPULATION TO CAP PLAINTIFF'S JUDGMENT, AWARD, OR RECOVERY AND TO REMAND**